UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUSTAVO CAMILO, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>LYFT INC., ENDOR CAR & DRIVER, LLC, TRI-CITY, LLC and TRI-STATE CAR AND DRIVER, LLC,<br><br>      Defendants. | Case No. 1:17-cv-09116<br><br>New York State Case Number: 159265/2017<br><br>Notice of Removal of Action by Defendants Pursuant to 28 U.S.C. § 1332(d)(2)(A)<br><br>(Diversity Jurisdiction—Class Action Fairness Act) |

## DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Lyft, Inc. ("Lyft") hereby removes to this Court the state-court action described below.

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(A)(2), and for which removal to this Court is appropriate pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, as discussed in more detail below.

## BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

1. On October 17, 2017, Plaintiff Gustavo Camilo filed a putative class action in the Supreme Court of the State of New York, County of New York, under Index Number 159265/2017.

1

2. On October 23, 2017, Lyft was served with the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Lyft are attached to this Notice of Removal as Exhibit 1.

3. This Notice has been timely filed pursuant to 28 U.S.C. § 1446(b).

4. The Supreme Court of the State of New York, County of New York is located within the Southern District of New York. 28 U.S.C. § 112(b). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

5. In his complaint, Plaintiff alleges two causes of action: (1) a violation of New York Labor Law § 193 for unlawful wage deductions; and (2) breach of contract. Plaintiff alleges that, from January 2014 to August 8, 2017, Defendants improperly required drivers to pay a fee of 2.5% of the fare for each ride for which a payment was made into the New York Black Car Fund. Compl. ¶¶ 4-8, 87-88. Plaintiff alleges that Defendants were required to collect the 2.5% fee from riders alone, but instead charged the same 2.5% fee to both drivers and riders. *Id.* ¶¶ 8, 9, 11.

6. The Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which amended 28 U.S.C. § 1332 to grant federal district courts original jurisdiction over putative class actions with 100 or more class members, where the aggregate amount in controversy exceeds $5 million, and where any member of the class of plaintiffs is a citizen of a state different from any defendant. (In addition, "any defendant" may remove a putative class action under CAFA. 28 U.S.C. § 1453(b).) As set forth below, this action satisfies each of these requirements for original jurisdiction under CAFA.

7. **Covered Class Action.** This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar

State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see* 28 U.S.C. § 1453(a). The putative class action complaint in this case plainly satisfies this requirement. *See* Compl. ¶¶ 37-41.

8. **Class Action Consisting of More than 100 Members.** Plaintiff seeks certification of a class of "all Drivers employed by Defendants in New York State during the class period." Compl. ¶ 43. The complaint alleges that "there are thousands of members of the Class," *id.* ¶ 38, and further alleges that there are "approximately 65,000 Lyft Drivers in New York City." *Id.* ¶ 96. Accordingly, the complaint alleges that the aggregate number of putative class members is at least 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B).

9. **The Parties Are Minimally Diverse.** CAFA requires minimal diversity, that is, at least one putative class member must be a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

10. Lyft is incorporated under the laws of Delaware, Compl. ¶ 21, and maintains its principal place of business in California. Decl. of Jeff Tran ¶ 2. Lyft is therefore a citizen of Delaware and California within the meaning of 28 U.S.C. § 1332.

11. Plaintiff alleges that he "reside[s] in New York County, New York," and is therefore a citizen of New York. Compl. ¶ 20; *see also id.* ¶ 19.

12. Under 28 U.S.C. § 1332(d)(2)(A), removal is proper if **at least one putative class member** is a "citizen of a State different from **any** defendant." Here, the complaint alleges that Plaintiff resides in New York, and Lyft is a citizen of Delaware and California. Thus, at least one putative class member is a "citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13. **The Amount in Controversy Exceeds $5 Million.** Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006) ("CAFA explicitly provides for the aggregation of each class member's claims in determining whether the amount in controversy is at least $5,000,000."). While Lyft denies the claims alleged in Plaintiff's complaint and further denies that Plaintiff or any putative class member is entitled to any monetary or other relief, the amount in controversy here satisfies the jurisdictional threshold.

14. The complaint alleges that Plaintiff seeks "[r]estitution and reimbursement to Plaintiff[], and to the other members of the Class, of all monies which Defendants either unlawfully deducted from the wages of Plaintiff[] and other class members, or unlawfully required to be paid back to Defendants, during the Class Period, plus interest thereon at the statutory rate." Compl. Prayer For Relief ¶ B; *see also id.* ¶¶ C-D (seeking same relief for breach of contract claim). The complaint further seeks "[r]easonable attorney's fees, litigation expenses, and costs of suit." *Id.* ¶ J.

15. Plaintiff's request for damages and reimbursement alone satisfy the amount in controversy. Lyft again denies that Plaintiff's claims have any merit and that he or any putative class member is entitled to relief. *See Orlander v. Staples, Inc.*, 2013 WL 5863544, at *2 (S.D.N.Y. Oct. 31, 2013) ("[T]he jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on the likelihood of recovery."). But according to Lyft's records, Lyft has paid over $10 million, in the aggregate, into the Black Car Fund since January 2014, the start of the Class Period alleged in the complaint. Tran Decl. ¶ 3. Plaintiff's complaint further alleges

4

that riders and drivers were charged the same 2.5% fee for each ride for which a payment was made into the Black Car Fund, and that one half of those fees—the ones charged to drivers—were improper. Compl. ¶¶ 6, 9. Half of over $10 million is over $5 million.

16.  Plaintiff's request for attorneys' fees further bolsters the conclusion that the $5 million amount in controversy is satisfied here. Attorneys' fees "can be considered as part of the amount in controversy where they are anticipated or awarded in the governing statute." *Pollack v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 298 (E.D.N.Y. 2005); *see also Fields v. Sony Corp. of Am.*, 2014 WL 3877431, at *2 (S.D.N.Y. Aug. 4, 2014) (same). Here, Plaintiff's first cause of action is brought under N.Y. Labor Law § 193, which authorizes an award for attorneys' fees. *See* N.Y. Labor Law § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee … in which the employee prevails, the court shall allow such employee to recover the full amount of … all reasonable attorney's fees."); *Altamirano v. Omni Childhood Cntr., Inc.*, 2012 WL 12535507 (N.Y. Sup. Ct. Dec. 19, 2012) (noting availability of attorney's fees for claims brought pursuant to N.Y. Labor Law § 193).

17.  Accordingly, the amount in controversy exceeds $5 million. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## NOTICE TO ADVERSE PARTIES AND STATE COURT

18.  In accordance with 28 U.S.C. § 1446(d), Lyft will promptly file in the Supreme Court of the State of New York, County of New York, and serve Plaintiff with a copy of a Notice to the Supreme Court and to Plaintiff of Filing of Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## **CONCLUSION**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Lyft hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Respectfully submitted.

Dated: November 21, 2017                          MAYER BROWN LLP

By:   /s/ Archis A. Parasharami

Archis A. Parasharami
1999 K Street, N.W.
Washington, DC 20006-1001
Tel.: (202) 263-3000

*Counsel for Defendant Lyft, Inc.*