**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GUSTAVO CAMILO, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff<br>vs.<br>LYFT INC., ENDOR CAR & DRIVER, LLC, TRI- CITY, LLC and TRI-STATE CAR AND DRIVER, LLC, THE BLACK CAR FUND, BLACK CAR ASSISTANCE CORPORATION and NEW YORK BLACK CAR OPERATIONS INJURY COMPENSATION FUND, INC.,<br><br>　　　　　　　　　　　Defendant | Case No.: 1:17-cv-09116<br><br>New York State Case No.: 159265/2017<br><br>Motion to Remand of Action (Diversity Jurisdiction-Class Action Fairness Act) |

**Counsel's Affidavit Supporting Motion to Remand**
**Diversity Jurisdiction Lacking**

*AFFIDAVIT OF JOSEPH A. ROMANO*

JOSEPH A. ROMANO an attorney duly admitted to practice before the Courts of the State of New York, affirms under penalty of perjury that:

1. I am over 18 years of age I am the attorney for the plaintiff and am fully competent to make this affidavit in support of Plaintiff GUSTAVO CAMILO's motion to remand. All of the facts stated in this affidavit are true and correct.

2. I make this affidavit in support of the motion of the Plaintiff, GUSTAVO CAMILO to remand this action to the Supreme Court of the State of New York.

3. This action was commenced on *October 18, 2017* in the Supreme Court of New York, by the filing of a Summons & Complaint for violations under New York State Executive Law § 160-JJ(2) for failure of assessment of fund member, customer surcharges, audit power of the fund, failure to comply with the New York Executive Law Article 6-F, illegal wage deductions; and breach of contract.

4. On or about November 9, 2017, an Amended Summons & Complaint was filed in the Supreme Court of the State of New York, adding THE BLACK CAR FUND, BLACK CAR ASSISTANCE CORPORATION and NEW YORK BLACK CAR OPERATIONS INJURY COMPENSATION FUND, INC., as defendants. It should be noted, that this Amended Summons & Complaint was filed prior to the defendants motion to remove which was dated November 21, 2017. (A copy of the Amended Summons & Complaint is attached to this Affidavit and marked as *Exhibit A)*.

5. On November 21, 2017, the defendant, LYFT INC, removed this action to the United States District Court for the Southern District of New York by filing a Notice of Removal (A copy of the defendant's Notice of Removal is attached as *Exhibit B*). The plaintiff asks the court to take judicial notice of this Notice and its contents under Rule 201 of the Federal Rules of Evidence.

### Class Action Does Not Meet the Requirement for "Minimal" Diversity of Citizenship under 28 U.S.C § 1332(d)(4)(A)

6. According to the Notice of Removal, the sole bases for removal of this action from the Supreme Court of New York State is diversity of citizenship between the plaintiff and defendant(s).

7. There can be no subject matter jurisdiction of this action based on diversity of citizenship because, under 28 U.S.C. Section § 1332(d)(4)(A), this court is required to decline to exercise subject matter jurisdiction on the bases of minimal diversity of citizenship, and must remand this action, since all plaintiffs are domicile in New York State. Please see plaintiff GUSTAVO CAMILO's declaration which states he is domicile in New York State. Furthermore, the Summons and Complaint originally filed in New York Supreme Court alleges that plaintiff GUSTAVO CAMILO, stands for all plaintiffs similarly situated, as such only plaintiffs domicile in New York State would be similarly situated. Therefore, only this action only includes Lyft drives domicile within New York State. As shown in Lyft Driver for NYS Drivers application requirements are NYS Driver license and an NYS registered vehicle. Accordingly, this court should find at least two-thirds (2/3) of Plaintiff's are citizens of the State of New York.

8. Six (6) of the seven (7) defendants are citizens of the State of New York, the state in whose court this action was originally commenced, plaintiff seeks significant relief of said six (6) New York defendants and whose conduct forms a significant bases for the claims alleged in this action. ENDOR CAR & DRIVER, LLC, TRI-CITY, LLC and TRI-STATE CAR AND DRIVER LLC, are all New York limited liability corporations, formed solely to act as

member bases to the NEW YORK STATE BLACK CAR FUND in compliance with New York Executive Law 6-F. Accordingly, as such each of said defendants were responsible for collecting the BCF surcharge of 2.5% solely from the passengers of all drivers fares. However, upon information and belief, these bases wrongfully collected such fees from the plaintiffs in direct violations of New York Executive Law Article 6-F as well as unlawful wage deductions.

9. Defendants, BLACK CAR FUND and NEW YORK BLACK CAR OPERATORS INJURY COMPENSATION FUND, INC, which were created solely for the benefits of the New York State taxi drivers in order to provide Workers Compensation under New York Executive Law 6-F, had an obligation to randomly audit member bases to conduct and enforce compliance with the strict rule of surcharges being deducted from passengers only.

10. Per New York State Statue Executive Law 6-F, the Black Car Fund, is required to collect all members' monthly charges, keep accounting and randomly audit each member base(s) at a minimum of one time every three year in order to assert compliance of each member bases.

11. As such, all BLACK CAR defendants, knew or should have known, but turned the blind eye, that said member bases were wrongfully collecting and/or charging drivers the 2.5% surcharge in direct violation with New York Executive Law 6-F.

12. The principal injuries incurred in the State of New York only, since the 2.5% surcharge is solely for New York State Workers Compensation and cannot be applied to any other state other than the State of New York.

13. No other class action has been filed asserting a wrongful BCF surcharge(s) for plaintiffs who have <u>NOT</u> previously opted out of the arbitration waiver agreements provided by Lyft, Inc. Nor, has any other previous class action named has been brought against the BLACK CAR FUND, BLACK CAR ASSISTANCE CORPORATION and NEW YORK BLACK CAR OPERATORS INJURY COMPENSATION FUND, INC..

14. In the alternative, this Court finds that the Plaintiffs Summons & Complaint doesn't

definitively state plaintiffs solely domicile in New York State, then this Court should find that more than two-thirds (2/3) of the Class members live and work in New York State. In order to receive Black Car Fund Benefits and be required to pay the Black Car Fund surcharge, which is in question, you must work in the State of New York. Accordingly, it would not be a far stretch to believe that most people work and live in the area they work. Even if this court finds that there are some plaintiff(s) that are domicile outside of New York State this court should conclude that the majority of the plaintiffs are domicile within New York State.

15. It should also be noted that the primary defendants, are the defendant base(s) as well as the Black Car Fund, all of which are citizen of New York State, the state in which this action was originally commenced.

### Class Action Does Not Meet the Requirement for "Minimal" Diversity of Citizenship under 28 U.S.C § 1332(d)(3)

16. In the alternative, if this court finds that two-thirds (2/3) of class action members are not domicile in New York State this court at the very least should find that more than one-third (1/3) of the class members are domicile in the state of New York. Accordingly, THIS COURT should decline minimal diversity jurisdiction under 28 U.S.C § 1332(d)(3). As more than one-third (1/3) of class members are citizens of the State of New York, the primary defendant are the BLACK CAR FUND base(s) as well as the BLACK CAR FUND defendants. The claims arise under and are in control completely by the laws of New York State and not federal laws. The claims asserted in this matter do not have any particularly national interest. The declaration of GUSTAVO CAMILO states in detail in particularly nexus between a forum in New York State class members and the alleged harm. More importantly, a majority of the principal defendants are citizens of New York State. Lastly, the number of citizens in New York State is larger than the number of class members who may not be citizens in New York State.

## Conclusion

WHEREFORE, we respectfully ask this court to remand this action to New York Supreme Court where it was originally filed for lack of minimal diversity under 28 U.S.C. 1332(d)(4)(A) and/or decline minimal diversity jurisdiction under 28 U.S.C. § 1332(d)(3). For such other and further relief as the Court deems just and equitable.

Dated: December 19, 2017
Bronx, New York

*/s/ Joseph A. Romano, Esq.*
Counsel for Plaintiff
Law Offices of Joseph A. Romano, P.C.
1776 Eastchester Rd, Suite 210
Bronx, NY 10461
(914)-339-2605